IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**DORTHEIA ACKLIN**                                                                                      **PLAINTIFF**

**v.**                                     **Case No. 4:25-cv-00896-LPR-BBM**

**DANIEL MALOTT, et al.**                                                    **DEFENDANTS**

## ORDER

The Court has received the Partial Recommended Disposition (PRD) submitted by United States Magistrate Judge Benecia B. Moore (Doc. 16). No objections have been filed, and the time for doing so has expired. After a *de novo* review of the PRD, along with careful consideration of the entire case record, the Court hereby approves and adopts some portions of the PRD as its findings and conclusions, and parts ways with the PRD in other respects, as follows:

The Court adopts Sections I, II, and III.A of the PRD in full and recognizes Plaintiff's voluntary dismissal of all claims against the State of Arkansas, Arkansas Department of Corrections, and McPherson Unit. Those claims and Defendants are dismissed from this case. And as for Plaintiff's remaining claims against Defendant Malott, the Court approves and adopts the PRD's analysis and conclusions with respect to Plaintiff's Eighth Amendment and state-law outrage claims.[1] Plaintiff may proceed with those claims for now. The Court also adopts Section III.B.5 of the PRD and dismisses Plaintiff's official-capacity claims against Defendant Malott.

The Court parts ways with the PRD with respect to Plaintiff's Fourteenth Amendment claim. *Glover* addressed the substantive due process right to bodily integrity afforded to *pretrial detainees*—not convicted prisoners—under the Fourteenth Amendment.[2] Because Plaintiff was

---

[1] *See* Sections III.B.1 and III.B.3.

[2] *See Glover v. Paul*, 78 F.4th 1019, 1021–23 (8th Cir. 2023).

an inmate serving a sentence at the time of the alleged assaults, her sexual harassment and abuse claim is properly governed by the Eighth Amendment's prohibition on cruel and unusual punishment.[3]

Finally, the Court expresses no opinion whatsoever on the propriety or impropriety of the asserted state-law negligence claim.  The Court lets this claim proceed only because the Court believes an adversarial motion to dismiss is necessary for the Court to understand the potential deficiencies of this claim, including (but not limited to) the fact that the claim's novelty might be a reason to decline to exercise supplemental jurisdiction over it.  Also, although the Court cannot right now definitively say that the claim fails to state a viable cause of action (or should otherwise be dismissed), the Court could easily imagine saying so (for any number of reasons) after full motion-to-dismiss briefing.

Accordingly, IT IS THEREFORE ORDERED that:

1. The Court construes Plaintiff's Motion for Voluntary Dismissal (Doc. 11) as a self-executing notice of dismissal under Federal Rule of Civil Procedure 41(a)(1)(A)(i).  The Clerk is directed to administratively terminate the Motion.

2. The Motion to Dismiss filed by the State of Arkansas, Arkansas Department of Corrections, and McPherson Unit (Doc. 7) is DENIED as moot.

3. The Clerk is directed to terminate the State of Arkansas, Arkansas Department of Corrections, and McPherson Unit as parties to this action.

4. Plaintiff may proceed, for now, with her Eighth Amendment sexual harassment and abuse claim, her pendent state-law outrage claim, and her pendent state-law negligence claim

---

[3] *See Stearns v. Inmate Servs. Corp.*, 957 F.3d 902, 906 (8th Cir. 2020).  The Complaint and the PRD do not say whether Plaintiff was—at the time of the alleged incidents—serving a sentence or instead was a pretrial detainee.  But the Court can take judicial notice of the fact that that Plaintiff was serving a sentence at the time in question.  *See* ADC Inmate Search Listing for ADC #754493 Dortheia Acklin, https://apps.ark.org/inmate_info/index.php.

against Defendant Malott in his individual capacity.

5. Plaintiff's Fourteenth Amendment Substantive Due Process claim is DISMISSED without prejudice for failure to state a claim upon which relief may be granted.

6. Plaintiff's official-capacity claims against Defendant Malott are DISMISSED without prejudice based on the State's Eleventh Amendment immunity and failure to otherwise state a claim for relief.

IT IS SO ORDERED this 23rd day of January 2026.

_____
LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE